**FILED**
**Dec 27, 2022**
**02:27 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **SALVADOR ENRIQUEZ,** | ) | **Docket No. 2020-02-0318** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DEFENDER SERVICES, INC.,** | ) | |
| **Employer,** | ) | **State File No. 1013152019** |
| **And** | ) | |
| **AMERICAN CASUALTY** | ) | |
| **COMPANY OF READING,** | ) | |
| **PENNSYLVANIA,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on December 15, 2022, on whether Mr. Enriquez is entitled to past temporary disability benefits. Defender argued that Mr. Enriquez does not qualify for these benefits because the treating physician placed him at maximum medical improvement on June 9, 2020. For the reasons below, Mr. Enriquez is entitled to the requested benefits.

### History of Claim

On December 19, 2019, Mr. Enriquez injured his left knee when he fell at work. Defender authorized Dr. Larry Waldrop to surgically repair Mr. Enriquez's knee ligament. On June 9, 2020, Dr. Waldrop placed him at maximum medical improvement, but he noted he would likely require knee replacement surgery in the future and assigned light-duty restrictions.[1]

Mr. Enriquez had further symptoms, and on July 14, he saw Dr. Waldrop for worsening pain. That day he ordered an MRI and removed Mr. Enriquez from work. On November 11, Dr. Waldrop reviewed the MRI results and modified the restrictions to light

---

[1] Defender paid Mr. Enriquez $584.15 in weekly temporary benefits until that date.

1

duty-lifting no more than five pounds. Mr. Enriquez's knee pain continued over the next several months despite multiple injections.

Dr. Waldrop completely removed Mr. Enriquez from work on July 19, 2022, and Defender restarted temporary total disability benefits. Dr. Waldrop performed a court-ordered left-knee replacement for Mr. Enriquez in August. Mr. Enriquez testified that he experienced less pain and could ambulate better after his knee replacement.

On September 1, Dr. Waldrop responded to a questionnaire, marking "no" to the question, "was Mr. Enriquez at Maximum Medical Improvement on June 21, 2020." Dr. Waldrop answered "yes" when asked if Mr. Enriquez was restricted to light duty from November 11, 2020, until July 19, 2022.

Mr. Enriquez testified that he attempted three times to find work within his restrictions. He said that he has not worked since June 20, 2020, because of his knee pain and restrictions. At the hearing, he called two local employers, who testified that Mr. Enriquez requested a construction job from them; however, neither had available work within his restrictions. Mr. Enriquez recounted that he tried operating a string trimmer but could not physically do it.[2]

Based on Dr. Waldrop's September 1 opinion, Mr. Enriquez asked for an accrued award of temporary disability benefits from June 9, 2020, to July 18, 2022. This represents temporary partial benefits for June 9, 2020, through July 13; temporary total benefits for July 14 through November 11; and temporary partial benefits beginning November 12, 2020, through July 18, 2022.

Defender argued that it did not owe temporary benefits because Mr. Enriquez reached maximum medical improvement and was released to light-duty work in June 2020. It further asserted that Mr. Enriquez has not proven his period of disability, nor that he was unable to work light duty. Lastly, it argued that receiving treatment after the authorized physician placed him at maximum medical improvement did not rescind that status.

## Findings of Fact and Conclusions of Law

At an Expedited hearing, Mr. Enriquez must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022). The only issue is whether Mr. Enriquez was entitled to temporary disability benefits.[3]

---

[2] The parties did not introduce evidence of what, if any, work Mr. Enriquez could perform for Defender.

[3] During the second expedited hearing, the undersigned held that Mr. Enriquez came forward with sufficient evidence to show he was likely to succeed at a final hearing in showing the need for his total knee replacement was primarily due to his December 19, 2019 injury.

To be eligible for temporary benefits, Mr. Enriquez must prove: "(1) that he became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and his inability to work; and (3) the duration of the period of disability." *Hibbitts v. Kim Royal d/b/a Royal Guttering,* 2021 TN Wrk. Comp. App. Bd. LEXIS 10, at *6 (Mar. 23, 2021).

In a previous expedited hearing, the Court found Mr. Enriquez's condition primarily related to his work injury. Further, Dr. Waldrop never released Mr. Enriquez, and his status has remained at sedentary or no work during the period of disability in question. Additionally, Mr. Enriquez offered testimony of two local employers who stated they did not have construction positions to accommodate his restrictions.

As to Defender's assertion that he worked during the alleged period of disability, Mr. Enriquez testified that he attempted to perform minor yard and construction work but was unable to do so, and Defender presented no proof that Mr. Enriquez earned any income during the period in question. The Court finds that these unsuccessful attempts to work bolster Dr. Waldrop's opinion concerning the work restrictions. Mr. Enriquez should not be penalized for attempting to find work.

Additionally, the Court rejects Defender's argument that Mr. Enriquez was at maximum medical improvement. Although Dr. Waldrop initially documented maximum medical improvement and rated Mr. Enriquez's injury, he removed Mr. Enriquez from work less than one month later. Further, the parties were in active dispute over the knee replacement surgery, which the Court eventually ordered. With Mr. Enriquez's continued treatment, knee replacement, and Dr. Waldrop's new September 1, 2022, opinion, the Court holds that Mr. Enriquez had not reached maximum medical improvement in June 2020.

Considering the findings above, the Court holds that Mr. Enriquez is likely to prevail at a hearing on the merits in showing his entitlement to the temporary benefits he seeks.

**IT IS THEREFORE ORDERED** as follows:

1. Defender shall pay Mr. Enriquez temporary partial disability benefits from June 9, 2020, through July 13, which represents five weeks at the weekly rate of $584.15 totaling $2,920.75.

2. Defender shall pay Mr. Enriquez temporary total disability benefits from July 14, 2020, through November 11, or seventeen weeks and four days at the weekly rate of $584.15 totaling $10,097.54.

3. Defender shall pay Mr. Enriquez temporary partial disability for the period of November 12, 2020, to July 18, 2022, at the weekly rate of $584.15 totaling eighty-six weeks and three days or $50,487.25

4. Mr. Beiger is entitled to a fee of up to 20% from Mr. Enriquez from the total amount ordered.

5. This case is set for a Status Hearing on **February 14, 2023, at 2:00 p.m. Eastern** time. The parties must dial **855-543-5044** to participate in the hearing.

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED December 27, 2022.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Salvador Enriquez
2. Wage Statement
3. Affidavit of Employer
4. Employment Record
5. Designated Medical Records
6. Medical Records-Appalachian Orthopaedics (9/6/2022-11/15/2022)
7. Medical Records- Physical Therapy Services, PA
8. Dr. William Hovis IME, Medical Records and Correspondence
9. Dr. William Hovis Deposition Transcript
10. Transcript of Expedited Hearing (June 30, 2021)

4

11. Transcript of Expedited Hearing (March 31, 2022)
12. Deposition Transcript of Dr. Larry Waldrop
13. Social Security Card (for identification only)
14. California ID (for identification only)


Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice (2/26/2021)
3. Dispute Certification Notice (10/8/2022)
4. Expedited Hearing Order (4/12/2022)
5. Expedited Hearing Order (7/7/2021)
6. Employee's Position Statement (7/25/2022)
7. Hearing Request
8. Defendant's Expedited Hearing Brief
9. Claimant's Brief in Support
10. Claimant Salvador Enriquez's Exhibit List for the Expedited Hearing
11. Claimant Salvador Enriquez's Witness List for the Expedited Hearing


## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent on December 27, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Daniel Bieger, Employee's Attorney | | | X | dan@biegerlaw.com paige@biegerlaw.com |
| J. Brent Moore, Employer's Attorney | | | X | bmoore@ortalekelley.com ccaruso@ortalekelley.com |


_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

      If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*